**No. 22-60566**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

GABRIEL OLIVIER,

               Plaintiff - Appellant,

   v.

CITY OF BRANDON, MISSISSIPPI; WILLIAM A. THOMPSON, individually and in his official capacity as Chief of Police for Brandon Police Department,

               Defendants - Appellees.

_____

Appeal from the United States District Court
Southern District of Mississippi

_____

**RECORD EXCERPTS**

_____

NATHAN W. KELLUM
Center for Religious Expression
699 Oakleaf Office Lane, Suite 107
Memphis, TN  38117
(901) 684-5485

**Attorney for Appellant**

**INDEX TO RECORD EXCERPTS**

| TAB | DESCRIPTION | CITATION TO RECORD |
|---|---|---|
| 1 | Docket Sheet | ROA. 1 - 6 |
| 2 | Notice of Appeal | ROA. 693 - 694 |
| 3 | Order | ROA. 666 - 685 |
| 4 | Section 50-45 and Map | ROA. 46 - 47 |
| 5 | Certificate of Service | |

# TAB 1

CLOSED,APPEAL,LGI

# U.S. District Court
## Southern District of Mississippi (Northern (Jackson))
## CIVIL DOCKET FOR CASE #: 3:21-cv-00636-HTW-LGI
## Internal Use Only

Olivier v. City of Brandon, Mississippi et al
Assigned to: District Judge Henry T. Wingate
Referred to: Magistrate Judge LaKeysha Greer Isaac
Related Case: 3:22-cv-00614-DPJ-FKB
Case in other court: Fifth Circuit, 22-60566
Cause: 42:1983 Civil Rights Act

Date Filed: 10/06/2021
Date Terminated: 09/23/2022
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Gabriel Olivier**　　　　　　　　represented by　**Nathan W. Kellum**
CENTER FOR RELIGIOUS EXPRESSION
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
901/684-5485
Fax: 901/684-5499
Email: nkellum@crelaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Brandon, Mississippi**　　　　represented by　**Gregory Todd Butler**
PHELPS DUNBAR, LLP - Jackson
P. O. Box 16114
4270 I-55 North (39211)
Jackson, MS 39236-6114
601/352-2300
Fax: 601/360-9777
Email: butlert@phelps.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mallory K. Bland**
PHELPS DUNBAR, LLP - Jackson
P. O. Box 16114
4270 I-55 North (39211)
Jackson, MS 39236-6114
601-360-9334
Email: mallory.bland@phelps.com
*ATTORNEY TO BE NOTICED*

**Mark C. Baker , Sr.**

RE001

22-60566.1

BAKER LAW FIRM, PC - Brandon
P. O. Box 947
Brandon, MS 39043
601-824-7455
Fax: 601-824-7456
Email: mark@blfmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**William A. Thompson**                          represented by   **Gregory Todd Butler**
*individually and in his official capacity as*                   (See above for address)
*Chief of Police for Brandon Police*                             *LEAD ATTORNEY*
*Department*                                                     *ATTORNEY TO BE NOTICED*

                                                                 **Mallory K. Bland**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Mark C. Baker , Sr.**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

Email All Attorneys

| Date Filed | # | Docket Text |
|---|---|---|
| 10/06/2021 | 1 (p.7) | COMPLAINT against City of Brandon, Mississippi, William A. Thompson ( Filing fee $ 402 receipt number AMSSDC-4675432), filed by Gabriel Olivier. (Attachments: # 1 (p.7) Civil Cover Sheet)(CO) (Entered: 10/06/2021) |
| 10/06/2021 | 2 (p.29) | Summons Issued as to William A. Thompson, and City of Brandon, Mississippi. (CO) (Entered: 10/06/2021) |
| 10/06/2021 | 3 (p.31) | MOTION for Preliminary Injunction by Gabriel Olivier (Attachments: # 1 (p.7) Exhibit A, # 2 (p.29) Exhibit B, # 3 (p.31) Exhibit C, # 4 (p.50) Exhibit D)(Kellum, Nathan) (Entered: 10/06/2021) |
| 10/06/2021 | 4 (p.50) | MEMORANDUM in Support re 3 (p.31) MOTION for Preliminary Injunction filed by Gabriel Olivier (Kellum, Nathan) (Entered: 10/06/2021) |
| 10/06/2021 |  | (Court only) ***Staff note: Issued Summonses to City of Brandon and William Thompson, Jr. emailed to Plaintiff's attorney. (CO) (Entered: 10/06/2021) |
| 10/07/2021 |  | DOCKET ANNOTATION as to # 3 (p.31) : L.U.Civ.R. 7(b)(2) requires that all supportingexhibits to a document be denominated by an exhibit letter or number and ameaningful description. Attorney is advised to follow this rule in future filings. (LAT) (Entered: 10/07/2021) |
| 10/18/2021 | 5 (p.70) | NOTICE of Appearance by Gregory Todd Butler on behalf of City of Brandon, Mississippi, William A. Thompson (Butler, Gregory) (Entered: 10/18/2021) |
| 10/18/2021 | 6 (p.72) | NOTICE of Appearance by Mallory K. Bland on behalf of City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) (Entered: 10/18/2021) |

**RE002**

| | | |
|---|---|---|
| 10/20/2021 | 7 (p.74) | Unopposed MOTION for Extension of Time to File Response/Reply as to 3 (p.31) MOTION for Preliminary Injunction by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) (Entered: 10/20/2021) |
| 10/20/2021 | 8 (p.77) | SUMMONS Returned Executed by Gabriel Olivier. City of Brandon, Mississippi served on 10/14/2021, answer due 11/4/2021. (Kellum, Nathan) (Entered: 10/20/2021) |
| 10/20/2021 | 9 (p.79) | SUMMONS Returned Executed by Gabriel Olivier. William A. Thompson served on 10/18/2021, answer due 11/8/2021. (Kellum, Nathan) (Entered: 10/20/2021) |
| 10/21/2021 | 10 (p.81) | ORDER granting 7 (p.74) Motion for Extension of Time to File Response/Reply as to 3 (p.31) MOTION for Preliminary Injunction. Responses due by 11/5/2021 Signed by District Judge Henry T. Wingate on 10/20/2021 (nd) (Entered: 10/21/2021) |
| 11/04/2021 | 11 (p.82) | Unopposed MOTION for Extension of Time to File Response/Reply *(EXPEDITED) to Plaintiff's Motion for Preliminary Injunction* by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) (Entered: 11/04/2021) |
| 11/04/2021 | 12 (p.85) | ANSWER to 1 (p.7) Complaint by City of Brandon, Mississippi, William A. Thompson.(Bland, Mallory) (Entered: 11/04/2021) |
| 11/05/2021 | 13 (p.99) | Rule 16(a) Initial Order Telephonic Case Management Conference set for 12/14/2021 02:30 PM before Magistrate Judge LaKeysha Greer Isaac. No later than seven (7) days prior to the TCMC, a confidential memorandum AND a proposed Case Management Order shall be submitted via e-mail to isaac_chambers@mssd.uscourts.gov. The parties are instructed to use the following dial-in number for the conference call. Dial-in #:(888) 684-8852; Passcode: 3566012(NL) (Entered: 11/05/2021) |
| 11/05/2021 | 14 (p.102) | ORDER granting 11 (p.82) Unopposed MOTION for Extension of Time to File Response/Reply *(EXPEDITED) to Plaintiff's Motion for Preliminary Injunction* Responses due by 11/10/2021 Signed by District Judge Henry T. Wingate on 11/05/2021 (nd) (Entered: 11/05/2021) |
| 11/10/2021 | 15 (p.103) | RESPONSE in Opposition re 3 (p.31) MOTION for Preliminary Injunction filed by City of Brandon, Mississippi, William A. Thompson (Attachments: # 1 (p.7) Exhibit 1 - Chief William Thompson Affidavit, # 2 (p.29) Exhibit 2 - Ordinance, # 3 (p.31) Exhibit 3 - 4/23/18 Neel-Schaffer Report, # 4 (p.50) Exhibit 4 - 5/21/18 Neel-Schaffer Report, # 5 (p.70) Exhibit 5 - 6/10/18 Neel-Schaffer Report, # 6 (p.72) Exhibit 6 - 7/6/18 Neel-Schaffer Report, # 7 (p.74) Exhibit 7 - 7/27/18 Neel-Schaffer Report, # 8 (p.77) Exhibit 8 - Beau Edgington Affidavit, # 9 (p.79) Exhibit 9 - Heather Perry Affidavit, # 10 (p.81) Exhibit 10 - Hank Williams, Jr. video, filed conventionally, # 11 (p.82) Exhibit 11 - Fred Shanks Affidavit, # 12 (p.85) Exhibit 12 - Bradley Turner Affidavit, # 13 (p.99) Exhibit 13 - 12/2/19 Board Minutes, # 14 (p.102) Exhibit 14 - Peden Criminal File, # 15 (p.103) Exhibit 15 - Olivier Criminal File, # 16 (p.427) Exhibit 16 - Protestor Photos, # 17 (p.460) Exhibit 17 - Olivier Criminal File, # 18 (p.463) Exhibit 18 - Criminal Affidavit, Order and Court Abstract, # 19 (p.465) Exhibit 19 - Jackson Municipal Court Opinion, # 20 (p.466) Exhibit 20 - Earth, Wind & Fire Video (filed conventionally), # 21 (p.468) Exhibit 21 - Traffic Protocol)(Bland, Mallory) (Entered: 11/10/2021) |
| 11/10/2021 | 16 (p.427) | MEMORANDUM in Opposition re 3 (p.31) MOTION for Preliminary Injunction filed by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) (Entered: 11/10/2021) |

**RE003**

| | | |
|---|---|---|
| 11/11/2021 | 17 (p.460) | MOTION for Extension of Time to File Response/Reply by Gabriel Olivier (Kellum, Nathan) (Entered: 11/11/2021) |
| 11/12/2021 | 18 (p.463) | NOTICE OF CONVENTIONAL FILING re 15 (p.103) Response in Opposition, 16 (p.427) Memorandum in Opposition to 5 (p.70) MOTION for Preliminary Injunction filed by City of Brandon, Mississippi, William A. Thompson. (CO) (Entered: 11/12/2021) |
| 11/12/2021 | | Exhibits 10 and 20 to Defendants, City of Brandon and Chief William Thompson's 15 (p.103) Response in Opposition and 16 (p.427) Memorandum in Opposition re 3 (p.31) MOTION for Preliminary Injunction are videos of Hank Williams, Jr. and Earth, Wind, and Fire. The videos were conventionally filed on a flash drive and placed in the Exhibit Room/Vault. (CO) (Entered: 11/12/2021) |
| 11/12/2021 | 19 (p.465) | ORDER granting 17 (p.460) Motion for Extension of Time to File Response/Reply re 3 (p.31) MOTION for Preliminary Injunction. Response due by 11/24/2021 Signed by District Judge Henry T. Wingate on 11/12/2021 (nd) (Entered: 11/12/2021) |
| 11/17/2021 | 20 (p.466) | NOTICE of Appearance by Mark C. Baker, Sr on behalf of City of Brandon, Mississippi, William A. Thompson (Baker, Mark) (Entered: 11/17/2021) |
| 11/22/2021 | 21 (p.468) | Second MOTION for Extension of Time to File Response/Reply by Gabriel Olivier (Kellum, Nathan) (Entered: 11/22/2021) |
| 11/23/2021 | 22 (p.472) | ORDER granting 21 (p.468) Motion for Extension of Time to File Response/Reply. Response/Reply due by 11/29/2021 Signed by District Judge Henry T. Wingate on 11/23/2021 (nd) (Entered: 11/23/2021) |
| 11/29/2021 | 23 (p.473) | REPLY to Response to Motion re 3 (p.31) MOTION for Preliminary Injunction filed by Gabriel Olivier (Attachments: # 1 (p.7) Exhibit E, # 2 (p.29) Exhibit F, # 3 (p.31) Exhibit G, # 4 (p.50) Exhibit H)(Kellum, Nathan) (Entered: 11/29/2021) |
| 11/29/2021 | | DOCKET ANNOTATION as to # 23 (p.473) : L.U.Civ.R. 7(b)(2) requires that all supportingexhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (LAT) (Entered: 11/29/2021) |
| 12/08/2021 | 24 (p.504) | NOTICE OF CONVENTIONAL FILING re 23 (p.473) Reply to Response to Motion filed by Gabriel Olivier. (CO) (Entered: 12/08/2021) |
| 12/08/2021 | | Exhibits "F", "G", and "H" to Plaintiff's REPLY to Response to Motion are DVDs. The DVDs were conventionally filed and placed in the Exhibit Room/Vault. (CO) (Entered: 12/08/2021) |
| 12/10/2021 | 25 (p.505) | MOTION for Judgment on the Pleadings *or Alternatively*, MOTION for Summary Judgment by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) (Entered: 12/10/2021) |
| 12/10/2021 | 26 (p.507) | MEMORANDUM in Support re 25 (p.505) MOTION for Judgment on the Pleadings *or Alternatively* MOTION for Summary Judgment filed by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) (Entered: 12/10/2021) |
| 12/13/2021 | 27 (p.541) | Second MOTION for Extension of Time to File Response/Reply as to 25 (p.505) MOTION for Judgment on the Pleadings *or Alternatively* MOTION for Summary Judgment *Unopposed Motion for Extension of Time* by Gabriel Olivier (Kellum, Nathan) (Entered: 12/13/2021) |

**RE004**

| 12/14/2021 | 28 (p.544) | ORDER STAYING DISCOVERY. Signed by Magistrate Judge LaKeysha Greer Isaac on 12/14/2021 (BB) (Entered: 12/14/2021) |
|---|---|---|
| 12/14/2021 | | (Court only) ***Deadlines/Hearings terminated. The Telephonic Case Management Conference set for December 14, 2021 at 2:30 pm is cancelled in accordance with the Order Staying Discovery 28 (p.544) . (BB) (Entered: 12/14/2021) |
| 12/14/2021 | | NOTICE OF CANCELLATION. The Telephonic Case Management Conference set for December 14, 2021 at 2:30 pm is cancelled in accordance with the Order Staying Discovery 28 (p.544) . (BB) (Entered: 12/14/2021) |
| 12/17/2021 | 29 (p.546) | ORDER granting 27 (p.541) Unopposed Motion for Extension of Time to File Response/Reply re as to 25 (p.505) MOTION for Judgment on the Pleadings *or Alternatively* MOTION for Summary Judgment. Signed by District Judge Henry T. Wingate on 12/17/2021 (nd) (Entered: 12/17/2021) |
| 01/14/2022 | 30 (p.547) | RESPONSE in Opposition re 25 (p.505) MOTION for Judgment on the Pleadings *or Alternatively* MOTION for Summary Judgment filed by Gabriel Olivier (Kellum, Nathan) (Entered: 01/14/2022) |
| 01/18/2022 | 31 (p.579) | Unopposed MOTION for Extension of Time to File Response/Reply as to 25 (p.505) MOTION for Judgment on the Pleadings *or Alternatively* MOTION for Summary Judgment by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) (Entered: 01/18/2022) |
| 01/19/2022 | | TEXT ONLY ORDER granting 31 (p.579) Motion for Extension of Time to File Response/Reply as to 25 (p.505) MOTION for Judgment on the Pleadings *or Alternatively* MOTION for Summary Judgment. Defendants' Reply due by 2/4/2022. NO FURTHER WRITTEN ORDER SHALL FOLLOW. Signed by District Judge Henry T. Wingate on 1/19/2022 (nd) (Entered: 01/19/2022) |
| 01/21/2022 | 32 (p.582) | Emergency MOTION for Leave to File Excess Pages by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) (Entered: 01/21/2022) |
| 01/24/2022 | 33 (p.585) | Response in Opposition re 32 (p.582) Emergency MOTION for Leave to File Excess Pages by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) filed by Gabriel Olivier (Kellum, Nathan) (Entered: 01/24/2022) |
| 01/25/2022 | 34 (p.588) | RESPONSE in Support re 32 (p.582) Emergency MOTION for Leave to File Excess Pages filed by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) (Entered: 01/25/2022) |
| 02/04/2022 | 35 (p.591) | REPLY to Response to Motion re 25 (p.505) MOTION for Judgment on the Pleadings *or Alternatively* MOTION for Summary Judgment filed by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) (Entered: 02/04/2022) |
| 04/25/2022 | 36 (p.605) | NOTICE *of Supplemental Authority* by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) (Entered: 04/25/2022) |
| 04/27/2022 | 37 (p.609) | Response in Opposition re 36 (p.605) NOTICE *of Supplemental Authority* by City of Brandon, Mississippi, William A. Thompson (Bland, Mallory) filed by Gabriel Olivier (Kellum, Nathan) (Entered: 04/27/2022) |
| 09/01/2022 | 38 (p.612) | ORDER granting 32 (p.582) Motion for Leave to File Excess Pages Signed by District Judge Henry T. Wingate on 9/1/2022 (nd) (Entered: 09/01/2022) |
| 09/08/2022 | | |

**RE005**

| | | |
|---|---|---|
| | 39 (p.614) | RESPONSE to Motion re 25 (p.505) MOTION for Judgment on the Pleadings *or Alternatively* MOTION for Summary Judgment *Sur-Reply* filed by Gabriel Olivier (Kellum, Nathan) (Entered: 09/08/2022) |
| 09/22/2022 | 40 (p.625) | MOTION to Amend/Correct *Complaint* by Gabriel Olivier (Attachments: # 1 (p.7) Exhibit Ex A-Amended Complaint, # 2 (p.29) Exhibit Ex B-Declaration of Siders)(Kellum, Nathan) (Entered: 09/22/2022) |
| 09/22/2022 | 41 (p.659) | MEMORANDUM in Support re 40 (p.625) MOTION to Amend/Correct *Complaint* filed by Gabriel Olivier (Kellum, Nathan) (Entered: 09/22/2022) |
| 09/23/2022 | 42 (p.666) | ORDER denying 3 (p.31) Motion for Preliminary Injunction; granting 25 (p.505) Motion for Judgment on the Pleadings or Alternatively, for Summary Judgment. IT IS FINALLY ORDERED that Plaintiffs claims against Defendants hereby are DISMISSED with prejudice. Signed by District Judge Henry T. Wingate on 09/23/2022 (CO) (Entered: 09/23/2022) |
| 10/05/2022 | 43 (p.686) | RESPONSE in Opposition re 40 (p.625) MOTION to Amend/Correct *Complaint* filed by City of Brandon, Mississippi, William A. Thompson (Attachments: # 1 (p.7) Exhibit A - Email Chain)(Bland, Mallory) (Entered: 10/05/2022) |
| 10/19/2022 | 44 (p.693) | NOTICE OF APPEAL by Gabriel Olivier. Filing fee $ 505, receipt number AMSSDC-4962070. (Kellum, Nathan) (Entered: 10/19/2022) |
| 10/24/2022 | 45 (p.695) | USCA Case Number 22-60566 for 44 (p.693) Notice of Appeal filed by Gabriel Olivier. (CO) (Entered: 10/25/2022) |

**RE006**

# TAB 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| GABRIEL OLIVIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-00636-HTW-LGI |
| | § | |
| CITY OF BRANDON, MISSISSIPPI and | § | |
| WILLIAM A. THOMPSON, individually and | § | |
| in his official capacity as Chief of Police | § | |
| for Brandon Police Department, | § | |
| | § | |
| Defendants. | § | |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Plaintiff Gabriel Olivier appeals to the United States Court of

Appeals for the Fifth Circuit from the Order granting Defendants' Motion for Judgment on the

Pleadings, or in the alternative, Summary Judgment and denying Plaintiff's Motion for Preliminary

Injunction, dismissing Plaintiff's claims with prejudice against Defendants, entered in this action

on September 23, 2022.

Respectfully submitted this 19th day of October 2022.

**RE007**

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2022, the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF system, and that a copy of the foregoing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

/s/Nathan W. Kellum
Attorney for Gabriel Olivier

# TAB 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**GABRIEL OLIVIER**                                                **PLAINTIFF**

**VS.**                               **CIVIL ACTION NO. 3:21-cv-00636-HTW-LGI**

**CITY OF BRANDON, MISSISSIPPI
AND WILLIAM A. THOMPSON,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE FOR
BRANDON POLICE DEPARTMENT**                     **DEFENDANTS**

---

## ORDER

---

This is a civil rights action brought by Plaintiff Gabriel Olivier ("Plaintiff" or "Olivier") against Defendants the City of Brandon, Mississippi ("the City"); and William A. Thompson, Jr., individually and in his official capacity as Chief of Police for the Brandon, Mississippi Police Department ("Chief Thompson") (hereinafter collectively referred to as "Defendants"). The gravamen of Plaintiff's lawsuit is whether a certain City Ordinance regarding public protests/demonstrations unconstitutionally prevents religious demonstrators from sharing their religious beliefs with other members of society.

Plaintiff's Verified Complaint [Docket no. 1] states that Plaintiff's constitutional rights have been violated under the First[1] and Fourteenth[2] Amendments to the United States Constitution,

---

[1] Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. Amend. I

[2] Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of

RE009

as guaranteed by Title 42 U.S.C. § 1983[3] and 1988[4]. Plaintiff further has requested declaratory relief under the authority of Title 28 U.S.C. §§ 2201[5] and 2202[6]. Accordingly, this court possesses subject matter jurisdiction over this matter by way of Title 28 U.S.C. § 1331[7], hailed as federal question jurisdiction.

life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
U.S. Const. Amend. XIV

[3] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
42 U.S.C.A. § 1983 (West)

[4] Title 42 U.S.C. § 1988 provides in pertinent part:
Proceedings in vindication of civil rights. (a) Applicability of statutory and common law. The jurisdiction in civil and criminal matters conferred on the district and circuit courts [district courts] by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

[5] (a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(9) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
28 U.S.C.A. § 2201 (West)

[6] Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.
28 U.S.C.A. § 2202 (West)

[7] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C.A. § 1331 (West)

**RE010**

Before this court are two motions: (1) a *Motion for Preliminary Injunction* **[Docket no. 3]**, filed by the Plaintiff; and (2) a *Motion for Judgment on the Pleadings, or, alternatively, for Summary Judgment* **[Docket no. 25]**, filed by the Defendants.

This court has reviewed thoroughly the submissions of the parties and the relevant jurisprudence. Upon concluding its analysis, this court finds, as follows.

## I.    PERTINENT FACTS

Olivier is an Evangelical Christian[8] who believes that sharing his religious views is an important part of exercising his faith.  Olivier alleges that "he imparts a religious, evangelistic message that everyone sins and deserves eternal damnation, but Jesus Christ grants salvation to those who repent and believe in him." [Docket no. 1, ¶ 13]. In furtherance of his aim to spread this message, Olivier contends that he "identifies sins he believes are relevant for the community at large, like drunkenness and abortion, that require repentance." [Docket no. 1, ¶ 14].

Olivier, along with a group of supporters, engages routinely in sidewalk protests on public accessways outside of well-attended events. As part of their protests, Olivier and his supporters display signage with controversial messaging and pass out religious literature "expounding on the gospel message". Olivier also wears expressive clothing depicting his views, and attempts to engage individuals in conversation or debate on various religious topics, including abortion, often utilizing a voice amplification device to do so.

---

[8]    The Merriam-Webster Dictionary defines "evangelize" as the act of "preach[ing] the gospel. *Evangelize*, MERRIAM-WEBSTERDICTIONARY.COM, https://www.merriam-webster.com/dictionary/evangelize (last visited September 22, 2022). It further defines "preach" as the act of "set[ting] forth in a sermon," "advocat[ing] earnestly," or "deliver[ing] (something, such as a sermon) publicly." *Preach*, *MERIAM-WEBSTERDICTIONARY.COM*, https://www.merriam-webster.com/dictionary/preach (last visited September 22, 2022).

**RE011**

The City of Brandon, Mississippi owns and maintains Quarry Park, a public park within the City's corporate limits. Quarry Park encompasses nature/running/biking trails, a dog park, baseball facilities, multiple open green spaces, several parking lots, and an outdoor entertainment venue called the Brandon Amphitheater ("the Amphitheater"). The Amphitheater opened in 2018, and, since then, has held various live ticketed concert events. According to the Defendants, the Amphitheater's capacity, depending on the seating/standing room configuration for a specific event, can exceed 8,500 people.

According to Olivier, he is particularly interested in "imparting his views on public sidewalks bordering Boyce Thompson Drive…where that portion of the street runs through Quarry Park near the intersection with the main entry to the Brandon Amphitheater." [Docket no. 1, ¶ 25]. Olivier states that in 2018 and 2019, he visited this intersection "on event days to share his religious message about 5 or 6 times." [Docket no. 1, ¶¶ 28-31].

### A. Previous Incidents

Defendants allege that, on days of events, Plaintiff and other individual engaging in public protests and demonstrations at the Amphitheater have caused disruptions in traffic flow and created safety hazards. Defendants have submitted Video footage and Affidavits in support of their allegations. In particular, Defendants point to incidents that occurred on May 12, 2018, the date of a "Hank William's, Jr. Concert". The following are excerpts from the Affidavit of a concert attendee, Heather Perry [Docket no. 15-9].

2. On May 12, 2018, I attended the Hank Williams, Jr., Concert at the Brandon Amphitheater.

5. As I was crossing Boyce Thompson Drive…Mr. Olivier through his microphone said to and about me that "there's a whore walking down the street with her shirt up." Mr. Olivier and the other protestors were located on the sidewalk standing in and near the access to the sidewalk by me and other pedestrians. As I crossed the street onto the sidewalk, I was just a few feet [from] Olivier when he began to say to and about me

through his microphone, "nasty, nasty, nasty, grody[9], grody, grody." As I was walking away, I heard Mr. Olivier say about me through the microphone, "nowhere in the Bible does it say that a woman is to be dressed half naked in the street at night."

7. Mr. Olivier singled me out to embarrass and humiliate me. A police officer who was directing traffic came to where we were. Mr. Olivier made me upset to the point that I wanted to hit him. The police officer advised me that if I did, even for the terrible things he was saying to and about me, that I would be arrested. I was upset and candidly had the police officer not been there, it is likely that…my interaction with Mr. Olivier would've become physical.

Defendants have also submitted Video Footage of this May 12, 2018, incident. [Docket no. 15-10]. Although this court is unable to discern the words spoken, the video shows a young lady growing visibly disturbed and aggravated as Olivier speaks to her. The video also shows a police officer leaving his post directing traffic to intervene in the situation between the young lady and Olivier. [Docket no. 15-10 Subfile 5- Boyce-Thompson-Front-ent, REC_0021 at 2:12-5:28].

Another clip of the Video Footage recorded later on the same day, May 12, 2018, shows Olivier at the subject intersection speaking to a couple, a male and a female, who appear to be walking towards the Amphitheater entrance. The video shows the male growing visibly aggravated and coming back towards Olivier after the couple had passed by Olivier. Pursuant to the footage, police officers rushed to the intersection to intercede and de-escalate the altercation between the pedestrian and Olivier. The Officers appear to be conversing with the male, and eventually convinced him to walk away from Olivier.

In support of their contention that Olivier previously has caused disruptions, Defendants have also submitted an Affidavit from Fred Shanks, a reserve police officer, who is currently employed by the City in the Parks and Recreations Department [Docket no. 15-11]. Officer Shanks stated that, as a part of his duties as a reserve police officer, he conducted traffic control duties at

---

[9] Merrian-Webster Dictionary defines "grody" as "disgusting [or] revolting". *Grody*, MERRIAM-WEBSTERDICTIONARY.COM, https://www.merriam-webster.com/dictionary/grody (last visited September 22, 2022).

**RE013**

the Amphitheater during events. He stated that he has had previous interactions with Olivier and his group, to wit:

> 5. I witnessed the [Plaintiff and his group] yelling, using bullhorns in an aggressive tone to families with children present as well as single women and teenage girls.

> 7. The words they yelled mainly at females included "fornicators", "Jezebels", "whores", and "sissies (at men). These provoked many hostile engagements with event attendees.

> 8. Many times I had to remove myself from directing traffic and assisting pedestrians crossing Boyce Thompson Drive, to intervene to prevent event attendees from initiating physical contact with them in response to their comments.

> 9. My repeated interventions in this respect prevented me from keeping event attendees safe and out of traffic.

> Olivier, contrary to the above-mentioned evidence, asserts that his speech is respectful.

[Docket no. 3-1, ¶15]. Oliver contends that "whore" and "drunkard" are biblical terms, and that he "speaks to the crowd, and does not direct his comments toward any specific person," [Docket no. 23-1, ¶12]. Olivier maintains that he does not use vulgar language. [Docket no. 23-1, ¶15]. Finally, says Olivier, he is not aggressive or hostile toward anyone. [Docket no. 23-1, ¶¶ 16-17].

### B. The Subject Ordinance

On December 19, 2019, the City of Brandon amended its Code of Ordinances to include Brandon Code of Ordinance Section 50-45: "*Designating a Protest Area and Related Provisions Regarding Public Protests/Demonstrations During Events at the Brandon Amphitheater*" (hereinafter referred to as the "Subject Ordinance"). The Subject Ordinance reads, as follows:

1. Three (3) hours prior to the opening of the Brandon Amphitheater to event attendees for a live ticket concert event ("Event") and one (1) hour after the conclusion of the Event, individuals and/or groups engaging in public protests and/or demonstrations, regardless of the content and/or expression thereof, are prohibited within the Restricted Area shown in Exhibit "A" attached hereto, except in the designated Protest Area as shown on Exhibit "A" attached hereto.

2. The Protest Area is available to individuals and/or groups during the time specified in Section 1 above, without the necessity of pre-notice or permit, subject to the following terms and conditions:

   (a) All individuals and/or groups shall be and remain wholly within the Protest Area while actively engaged in public protests and/or demonstrations. Vehicles are prohibited in the Protest Area;

   (b) The use of lasers, blinking or blinding lights, electric drums, or other amplified percussion or musical instruments, or equipment except as provided herein-below, is prohibited;

   (c) The use of a megaphone and/or loudspeaker which is clearly audible more than 100 feet from where the Protest Area is located is prohibited;

   (d) Libel, slander, obscenities, and/or speech that incites imminent violence or law breaking is prohibited;

   (e) The use of ladders, step stools, tables, chairs, buckets and/or any other object or thing that is customarily used to heighten an individual from the ground is prohibited;

   (f) Temporary signs are permitted; however, wooden, or metal signs or sign stakes made from hard material that may be used as a weapon are prohibited. All signs must be hand-held and shall not be affixed to anything in the Protest Area or otherwise affixed to the Protest Area. The top of any sign may not be elevated more than 4 feet beyond the height of its holder.

   (g) Anything brought onto the Protest Area shall be removed within 75 minutes of the conclusion of an Event.

   (h) Each group shall have a representative who shall be present at all times while the group is, in whole or in part, within the Protest Area. The representative shall, when reasonably requested by the Chief of Police and/or his designee, provide photo identification. Individuals who are engaged in a demonstration and/or protest shall maintain on their possession while in the Protest Area photo identification and provide the same to the Chief of Police and/or his designee as and when reasonably requested. Requests for identification by the Chief of Police and/or his designee shall only be made in the event of a credible complaint and/or an observed violation of the provisions herein or other applicable federal or state law or municipal ordinance.

3. In the event of a violation of the provisions herein, in addition to the general fines and penalties provided in Section 1-12 of the Code of Ordinances of the City of Brandon, the offending individual will be removed from the Protest Area and is not be permitted to return to the Protest Area during the Event on the day of the violation and if the same

**RE015**

22-60566.672

individual violates the provisions herein again during an Event in the same calendar year, the individual shall be removed from the Protest Area and is not be permitted to return to the Protest Area during any Event for the remainder of that calendar year.

[Docket no. 3-2].

Olivier contends that the City passed the Subject Ordinance "in apparent response to" the City's interactions with Oliver and his group.

Defendants, however, state that the City adopted the Subject Ordinance after engaging in a continuous review process to improve the efficiency and safe flow of vehicular traffic, as well as to further the safety of pedestrians and event attendees at the Amphitheater. As part of this review process, say Defendants, the City hired third-party engineering firm, Neel-Schaffer, to study, report on, and make recommendations regarding the vehicular and pedestrian traffic and parking. Defendants have submitted the engineering firm's findings as [Docket nos. 15-3 through 15-7][10].

Further, say Defendants, the City considered reports from police officers and City officials. An Affidavit from Brandon Police Department's Chief Investigator, Beau Edgington [Docket no. 15-8] states:

13. [As a part] of the problems that became apparent was the location of protestors at the intersection of Boyce Thompson Drive and Rock Way, which is the main intersection leading to the entrance of the Amphitheater. At this intersection, the stationed police office is responsible for directing traffic involving the predominate flow of the crowd entering and exiting the Amphitheater. From the opening of the Amphitheater, it became apparent that the location of protestors at this intersection caused disruption in the flow of the crowd and traffic control. We observed that pedestrians would leave the sidewalk and the crossing on Boyce Thompson Drive to avoid [the protestors], and thereby caused interruption with the flow of vehicular traffic, and in so doing put themselves in harms' way. We observed that when there were events with no protestors so located…the pedestrian and [vehicular] traffic flowed smoothly without interruption. As such, it was determined that, for purposes of safety and free and easy flow of the crowd and traffic, …there was a need to implement certain restrictions where protestors could [gather] and

---

10   Defendants' submissions include the following: April 23, 2018 Neel-Schaffer Report, Ex. 3; May 21, 2018 Neel-Schaffer Report, Ex. 4; June 10, 2018 Neel-Schaffer Report, Ex. 5; July 6, 2018 Neel-Schaffer Report, Ex. 6; July 27, 2018 Neel-Schaffer Report, Ex. 7.

**RE016**

at the same time [identify] a reasonable alternative location for protestors. The ordinance as adopted incorporates our recommendations in this respect.

## C. *The Subject Incident*

On May 1, 2021, the Amphitheater hosted a concert featuring artists Lee Brice and Parmalee. Olivier attended this event and, on this day, was arrested for violating the Subject Ordinance. Video Footage from Olivier's vantage point [Docket nos. 23-2, 23-3 and 23-4] shows the following.

Chief Thompson approached Olivier and his group and referenced the existence of "the new Ordinance." Olivier stated that he was aware of and had read the Subject Ordinance. Chief Thompson provided a copy of the Subject Ordinance to Olivier and identified the available Protest Area. Chief Thompson stated that the primary purpose of a designated area is to keep demonstrators "out of traffic".

At approximately 6:20 p.m., Olivier and his group proceeded toward the designated Protest Area. The video shows members of Olivier's group conversing with Olivier; however, no sound is available for this part of the footage [Docket no. 23-3]. The video shows that Olivier stopped short of the designated area, and then returned to the sidewalk at the intersection of Boyce Thompson Drive and Rock Way.

This court observes that Olivier and his group next engaged in protest activities and initiated interactions with pedestrians using a voice amplification device. Brandon Police Officer Bradley Turner's Affidavit [Docket no. 15-12] states that Olivier distracted him from directing pedestrian and vehicular traffic during this time period.

> 9. While…attempting to maintain vehicular and pedestrian traffic at the Intersection, I reminded Plaintiff and the other protestors that they had already been provided with a copy of the Subject Ordinance and I told them that the designated Protest Area was back down the sidewalk from where they came and that it was clearly marked. They did not

indicate to me that they were either unable to locate the designated Protest Area or that they required assistance in locating the same.

Olivier told the Officer that he had a copy of the Subject Ordinance and that "[he] is choosing not to obey it." [Docket no. 23-4]. Olivier then told his fellow group members to "Go ahead and set up [there] and just do what [they] do."

Officer Turner then radioed for assistance, and Chief Thompson responded. Chief Thompson came to the scene, accompanied by another Officer.

Chief Thompson states that as he approached Olivier and his group, he observed that they had large poster signs, were using at least one voice amplification device to single out and make comments to and about event attendees and were attempting to hand out literature to those pedestrians on the sidewalk. Olivier's Video Footage shows that the group held large signs stating, "Repent or Perish", as well as a large graphic image of a purportedly aborted, blood-covered, fetus.

Chief Thompson asserts that he observed that Olivier and his group were obstructing the sidewalk and that in order to avoid Olivier and his group, pedestrians were forced to leave the sidewalk and "walk around the group in the public street". [Docket no. 15-1, p, 3]. Chief Thompson advised Olivier and his group that they needed to relocate to the designated Protest Area. Olivier stated to Chief Thompson that forcing the group to relocate would violate their "right to exercise [their] religious rights", and that the Ordinance is "an attempt to restrict [his] ability to speak freely." Chief Thompson then arrested Olivier and another member of his group, Bryan David Peden, for violating the Subject Ordinance.

Chief Thompson's Affidavit in support of the charge [Docket no. 15-17, p. 29] states that "..[O]n the 1st day of May, 2021,…Gabriel Olivier[,] did willfully and unlawfully violate City Ordinance 50-45 within the corporate limits of the City of Brandon, Mississippi by engaging in public protest/demonstration during the restricted time period within the restricted area near the

RE018

Brandon Amphitheater in violation of the peace, dignity and laws of the [State of Mississippi] and/or the ordinances of said city within the corporate limits of [Brandon, Mississippi]."

On June 23, 2021, Olivier entered a plea of *nolo contendere*[11] in Brandon Municipal Court to the charge of violating the Subject Ordinance. Olivier retained Attorney Jim Kelly to represent him in the Municipal Court proceedings.

The Municipal Court rendered a sentence of 10 days imprisonment (suspended)[12], and a fine of $304.00. [Docket no. 15-17, p. 28]. On August 2, 2021, Olivier paid the $304.00 fine. Oliver did not appeal his Municipal Court conviction.

## II.    PROCEDURAL POSTURE

On October 6, 2021, Olivier filed his Verified Complaint in this court [Docket no. 1]. Contemporaneously with his Verified Complaint, Olivier filed a Motion for Preliminary Injunction, requesting that this court enjoin the City from enforcing City Ordinance § 50-45 against him [Docket no. 3].

Defendants argue that Plaintiff's request for a preliminary injunction should be denied. [Docket nos. 15 and 16]. This is so, say Defendants, because Plaintiff cannot demonstrate a likelihood of success on the merits of his claims to warrant prospective injunctive relief. Further, say Defendants, this court should dismiss Plaintiff's lawsuit "as a whole". On December 26, 2021, Defendants filed a Motion for Judgment on the Pleadings or, alternatively, for Summary Judgment [Docket no. 25], asserting that Plaintiff has made no viable claim against the Defendants.

---

[11] A plea of *nolo contendere* is, for purposes of punishment, the same as a plea of guilty; the difference is that a plea of nolo contender is viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency. *United States v. AEM, Inc.,* 718 F. Supp. 2d 1334 (M.D. Fla. 2010)(citing Federal Rule of Criminal Procedure 11(a)(3), 18 U.S.C.A.).

[12] The City of Brandon's Municipal Court Order [Docket no. 15-17, p. 27-28] states that Oliver's "jail time shall remain suspended conditioned on one-year of no violation of City Ordinance 50-45."

# III.    LEGAL STANDARDS

## A.  *Preliminary Injunction Standard*

A preliminary injunction is appropriate when the movant demonstrates "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Planned Parenthood of Gulf Coast, Inc. v. Gee*, 862 F.3d 445, 457 (5th Cir. 2017); accord *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012).

"[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo County Texas, Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012); see also, *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365 (2008) (rejecting the "possibility" standard and noting that the "frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction," emphasis in original, citations omitted); *Los Angeles v. Lyons*, 103 S.Ct. 1660 (1983); *Granny Goose Foods, Inc. v. Teamsters*, 94 S.Ct. 1113 (1974); *O'Shea v. Littleton*, 94 S.Ct. 669, (1974). A preliminary injunction may not be issued simply to prevent the possibility of "some remote future injury." *Winter*, 129 S.Ct. at pp. 375-376.

### B. Rule 12(c) and Summary Judgment Standard

As stated *supra*, Defendants ask this court to dismiss Plaintiff's lawsuit "as a whole". The Defendants have challenged Plaintiff's case under two Federal Rules of Civil Procedure: Rule 12(c)[13] and Rule 56[14].

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." In ruling on a Rule 12(c) motion for judgment on the pleadings, the court adopts the same standard involved in deciding a Rule 12(b)(6)[15] motion to dismiss, accepting "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(c) motion for judgment on the pleadings, the plaintiff must plead sufficient facts to state a facially plausible claim to relief. *See, c.f., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (discussing the Rule 12(b)(6) motion to dismiss standard). Assuming all of plaintiff's factual allegations are true, the Court must find that Plaintiff's right to relief is more than speculative in order to deny a motion for judgment on the pleadings. *See Id.* at 588.

---

[13] Rule 12(c) of the Federal Rules of Civil Procedure states: "Motion for Judgment on the Pleadings. After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."

[14] Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part:
Summary Judgment.
(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

[15] Rule 12(b)(6) of the Federal Rules of Civil procedure states: "How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: failure to state a claim upon which relief can be granted."

22-60566.678

Under Rule 12(c), like Rule 12(b)(6), the central question is whether the Complaint includes claims that are plausible. *Twombly*, 550 U.S. at 555. Accordingly, this court must compare the legal claims identified in Plaintiff's Complaint with the factual allegations offered in support, inclusive of any exhibits attached to the Complaint and Answer. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) ("In considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to the contents of the pleadings, including attachments thereto. The 'pleadings' include the complaint[and] answer to the complaint[.]"); *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority*, 378 F.3d 596, 600 (7th Cir. 2004) ("In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits."). For Plaintiff's claims to be plausible, the court must be able to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Merely reciting the elements of a cause of action, or making conclusory factual or legal assertions, is insufficient for Plaintiff to defeat a motion to dismiss. *Jordan v. Flexton*, 729 F. App'x 282, 284 (5th Cir. 2018).

Under Rule 56 of the Federal Rules of Civil Procedure, however, this court must consider whether the whole record before it provides a viable basis for relief (as opposed to looking to the pleadings alone). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The central inquiry is whether no genuine issues of material fact exist, such that the party moving for summary judgment is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

To avoid summary judgment, a plaintiff must produce evidence of "specific facts showing the existence of a genuine issue for trial." *Foulston Siefkin LLP v. Wells Fargo Bank of Texas, N.A.*, 465 F.3d 211, 214 (5th Cir. 2006). A factual issue is "material only if its resolution could

affect the outcome of the action," *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007), and "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment," *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quotation omitted).

## IV.  ANALYSIS

### A.  Heck Bar

Defendants first contend that Olivier's lawsuit *sub judice* challenges the Defendants' May 1, 2021, actions and, as such, is barred under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Under the *Heck* doctrine, Section 1983 may not be used to undermine a prior criminal conviction. *Id*. This doctrine, which "bars litigation of claims that would call into question the validity of a conviction, unless the conviction is set aside, emanates from [a] policy of finality that prevents [a] collateral attack of a criminal conviction once that matter has been litigated." *Connors v. Graves*, 538 F.3d 373 (5th Cir. 2008).

Defendants assert that because "success on [Olivier's] claim for money damages (and the accompanying claim for declaratory relief) would 'necessarily imply the invalidity of the punishment imposed'" for violating the ordinance, Olivier's claim must fail. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (quoting *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Defendants also cite the following cases in support of their argument: *Abusaid v. Hillsborough Cty. Bd. Of Cty. Comm'rs*, 637 F. Supp. 2d 1002 (M.D. Fla. 2007) (applying *Heck* bar to claims seeking damages for past enforcement of allegedly unconstitutional ordinance); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (explaining that "the type of prospective injunctive relief that Clarke[, a prisoner,] requests in this case—a facial declaration of the unconstitutionality of the

[relevant Department of Corrections' Rule]—is so intertwined with his request for damages . . . that a favorable ruling on the former would 'necessarily imply' the invalidity of Clarke's [prior conviction]"); and *Eubank v. Ghee*, 202 F.3d 268 (6th Cir. 1999) ("The holding in *Heck* applies regardless of whether the plaintiff seeks injunctive or monetary relief.").

Olivier, however, contends that his lawsuit does not challenge the Municipal Court's sentence. Further, says Olivier, he does not seek to overturn his conviction, either directly or indirectly. Oliver, rather, claims that his challenge focuses "entirely on the constitutionality of the [Subject] Ordinance and its application to his [protected] religious speech." Olivier alleges that no finding by this court would negate an element of the Municipal Court offense, nor establish a fact inconsistent with Olivier's previous criminal conviction.

Olivier finally contends that *Heck* cannot act as a bar to his § 1983 claims when [he] has had no access to habeas corpus relief, citing *Black v. Hathaway*, 616 F. App'x 650, 651–52 (5th Cir. 2015) ("In *Heck*, the Supreme Court addressed the intersection between § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.") (5th Cir. 2007). Olivier claims that because he is not in custody and unable to bring a federal habeas corpus proceeding, he is free to bring a § 1983 claim to secure relief. *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1025 (5th Cir. 1993). *Heck,* therefore, says Olivier, has no bearing on his non-prisoner constitutional claims.

This court disagrees with Olivier. First, this court notes that the Fifth Circuit has explicitly rejected Olivier's argument that *Heck* does not apply because he is not in custody. *See Walker v. Munsell*, 281 F. App'x 388, 390 (5th Cir. 2008) ("This circuit . . . has determined that *Heck's* bar applies to both custodial and noncustodial § 1983 plaintiffs.").

Next, Olivier argues that he is not challenging his Municipal Court conviction. Olivier's action for damages and declaratory relief *sub judice*, however, functionally challenges the legality of his conviction. In other words, Olivier's success in this civil suit would prove that his Municipal Court conviction violated his constitutional rights.

As stated *supra, Heck* bars claims under § 1983 if "success on the claim would necessarily imply that a prior conviction or sentence is invalid." *Aucoin v. Cupil*, 958 F.3d 379, 382 (5th Cir. 2020). Explained another way*, Heck* states actions for damages "that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement" are not cognizable under § 1983 unless the conviction or sentence that forms the basis of his claim has been invalidated. *Heck v. Humphrey*, 512 U.S. at 486–87. This "favorable-termination" requirement applies both to actions to recover damages for "allegedly unconstitutional convictions or imprisonment" as well as actions to recover damages "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck v. Humphrey*, 512 U.S. at 486–87. As an example of the latter category, the United States Supreme Court provided the hypothetical of an individual convicted of resisting arrest, who then sought to bring a § 1983 action against his arresting officers for the violation of his Fourth Amendment rights. *Id.* at 486, n.6. In order to prevail on his § 1983 claim, said the Court, the individual would have to negate an element of the offense for which he was convicted— namely, that his arrest was lawful. *Id.*

Generally, jurisdictions in which an individual's *nolo contendere* is treated as a conviction, *Heck* bars that individual's subsequent § 1983 claims because a successful outcome in the latter would necessarily imply that the individual's prior plea or conviction was invalid. *Curry v. Yachera,* 835 F.3d 373, 378–79 (3d Cir. 2016) (plaintiff, who pleaded *nolo contendere* to theft by deception and conspiracy relating to a theft at a Wal-Mart store and later brought a § 1983 civil

**RE025**

rights action against Walmart, its employees, and police officers, was barred by *Heck* where Pennsylvania law treated the *nolo contendere* plea the same as a conviction and success on the claims would imply that petitioner's conviction was invalid); *Szajer v. City of Los Angeles*, 632 F.3d 607 (9th Cir. 2011) (finding that *Heck* barred civil rights claims challenging a search that discovered an assault weapon that formed the basis of a no contest plea).

Olivier does not dispute that he pled *nolo contendere* to violating the ordinance by "protesting" or "demonstrating," during restricted times and in restricted areas. Mississippi Rule of Criminal Procedure 15.3 (b), "states: that " [a] person charged with a criminal offense in county or circuit court, who is represented by counsel, may appear before the court at any time the judge may fix, be arraigned, enter a plea of guilty to the offense charge or, with leave of the court in misdemeanor cases, *nolo contendere*, and be sentenced at that time or some future time set by the court." Olivier retained Attorney Jim Kelly to represent him in the Municipal Court proceeding and entered his *nolo contendere* plea on June 23, 2021.

The Mississippi Supreme Court in *Bailey v. State*, 728 So. 2d 1070, 1072 (Miss. 1997) held that Mississippi statutes on municipal court powers provide that [upon the entry of a plea of *nolo contendere* ] municipal judges "shall convict" a defendant "of the offense charged and shall proceed to sentence the defendant according to law." The conviction may be appealed "as in other cases." Miss.Code Ann. § 21–23–7(8). Thus, said the *Bailey* Court, "defendants who plead nolo contender in municipal court would be convicted by statute". *Id*.

In *Welch v. State*, 958 So. 2d 1288, 1289 (Miss. Ct. App. 2007) the Mississippi Court of Appeals stated that a "a defendant waives any objections to [ his previously entered *nolo contender*] when he (1) knowingly and intelligently requested permission to plead *nolo [contender],* and (2) understood that the court considered it the equivalent of a guilty plea and

could sentence him to the penitentiary.  Once accepted, the trial court and this Court will treat it as a guilty plea. The Court explained that a *nolo contendre* plea waives the "right to contest the truth of the charge," and the defendant submits to the punishment imposed.  *Id*. (internal citations and quotations omitted).

Here, Olivier submitted a *nolo contendere* plea in the Brandon Municipal Court. By doing so, he acknowledged the power of the Municipal Court to accept his plea of *nolo contendere*, which the Municipal Court Order denominated as "guilty", and to sentence him under a constitutional ordinance. Olivier did not appeal his conviction.  A finding by this court that Olivier's speech did not constitute restricted speech, or that the Subject Ordinance is facially unconstitutional would, therefore, undermine his Municipal Court conviction; a conviction which has not been terminated in his favor.

Accordingly, this court finds that Olivier's § 1983 claims challenging the constitutionality of the Subject Ordinance are barred under the *Heck* doctrine.  This court's holding is consistent with *Heck's* concern of "duplicative litigation and the potential for conflicting judgments." *Id.* at 382.

This court, having found that Olivier's § 1983 claims are barred under *Heck*, need not address the Subject Ordinance and the alleged speech restrictions contained therein. Further, this court finds that Olivier is not entitled to a preliminary injunction, enjoining the City from enforcing the Subject Ordinance.

As stated *supra*, a preliminary injunction is appropriate when the movant demonstrates "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened

**RE027**

**22-60566.684**

harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Planned Parenthood*, 862 F.3d 445 at 457.

Olivier is not entitled to such prospective injunctive relief because, in light of this court's finding that it cannot entertain Olivier's §1983 claims, Olivier cannot demonstrate any likelihood of success on the merits of his lawsuit.

## V.     CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendants' *Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment* **[Docket no. 25]** hereby is **GRANTED.**

IT IS FURTHER ORDERED that, for the reasons stated *supra*, Plaintiff Gabriel Olivier's Motion for Preliminary Injunction **[Docket no. 3]** hereby is **DENIED**.

IT IS FINALLY ORDERED that Plaintiff's claims against Defendants City of Brandon and Chief William A. Thompson, individually and in his capacity as Chief of Police for the Brandon Police Department, hereby are **DISMISSED** with prejudice.

**SO ORDERED**, this the 23rd day of September 2022.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

# TAB 4

## Sec. 50-45. - Designating a protest area and related provisions regarding public protests/demonstrations during events at the Brandon Amphitheater.

(a) Three hours prior to the opening of the Brandon Amphitheater to event attendees for a live ticket concert event ("event") and one hour after the conclusion of the event, individuals and/or groups engaging in public protests and/or demonstrations, regardless of the content and/or expression thereof, are prohibited within the restricted area shown in exhibit "A" attached hereto, except in the designated protest area as shown on exhibit "A" attached hereto.

(b) The protest area is available to individuals and/or groups during the time specified in subsection (a) above, without the necessity of pre-notice or permit, subject to the following terms and conditions:

    (1) All individuals and/or groups shall be and remain wholly within the protest area while actively engaged in public protests and/or demonstrations. Vehicles are prohibited in the protest area;

    (2) The use of lasers, blinking or blinding lights, electric drums, or other amplified percussion or musical instruments, or equipment except as provided herein-below, is prohibited;

    (3) The use of a megaphone and/or loudspeaker which is clearly audible more than 100 feet from where the protest area is located is prohibited;

    (4) Libel, slander, obscenities, and/or speech than incites imminent violence or law breaking is prohibited;

    (5) The use of ladders, step stools, tables, chairs, buckets and/or any other object or thing that is customarily used to heighten an individual from the ground is prohibited;

    (6) Temporary signs are permitted; however, wooden, or metal signs or sign stakes made from hard material that may be used as a weapon are prohibited. All signs must be hand-held and shall not be affixed to anything in the protest area or otherwise affixed to the protest area. The top of any sign may not be elevated more than four feet beyond the height of its holder.

    (7) Anything brought onto the protest area shall be removed within 75 minutes of the conclusion of an event.

    (8) Each group shall have a representative who shall be present at all times while the group is, in whole or in part, within the protest area. The representative shall, when reasonably requested by the chief of police and/or his designee, provide photo identification.

    Individuals who are engaged in a demonstration and/or protest shall maintain on their possession while in the protest area photo identification and provide the same to the chief of police and/or his designee as and when reasonably requested. Requests for identification by the chief of police and/or his designee shall only be made in the event of a credible complaint and/or an observed violation of the provisions herein or other applicable federal or state law or municipal ordinance.

(c) In the event of a violation of the provisions herein, in addition to the general fines and penalties provided in section 1-12 of the Code of Ordinances of the City of Brandon, the offending individual will be removed from the protest area and is not be permitted to return to the protest area during the event on the day of the violation and if the same individual violates the provisions herein again during an event in the same calendar year, the individual shall be removed from the protest area and is not be permitted to return to the protest area during any event for the remainder of that calendar year.

# Exhibit "B"

RE029



22-60566.47

# TAB 5

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF system, and that a copy of the foregoing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

s/Nathan W. Kellum
Attorney for Plaintiff