# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 14, 2024
Lyle W. Cayce
Clerk

No. 22-60566

───────────

GABRIEL OLIVIER,

> *Plaintiff—Appellant,*

*versus*

CITY OF BRANDON, MISSISSIPPI; WILLIAM A. THOMPSON, *individually and in his official capacity as Chief of Police for Brandon Police Department*,

> *Defendants—Appellees.*

───────────

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-636

───────────

ON PETITION FOR REHEARING EN BANC

Before WIENER, GRAVES, and DOUGLAS, *Circuit Judges*.

PER CURIAM:

    Treating the petition for rehearing en banc as a petition for panel rehearing (5TH CIR. R. 35 I.O.P.), the petition for panel rehearing is DENIED. The petition for rehearing en banc is DENIED because, at the request of one of its members, the court was polled, and a majority did not vote in favor of rehearing (FED. R. APP. P. 35 and 5TH CIR. R. 35).

No. 22-60566

In the en banc poll, eight judges voted in favor of rehearing, Chief Judge Elrod, and Judges Jones, Smith, Richman, Willett, Ho, Duncan, and Oldham, and nine judges voted against rehearing, Judges Stewart, Southwick, Haynes, Graves, Higginson, Engelhardt, Wilson, Douglas, and Ramirez.

Priscilla Richman, *Circuit Judge*, dissenting from the denial of rehearing en banc:

I write separately to note that we are not called upon to address issue preclusion in this appeal. Criminal defendants, such as Olivier, may challenge the constitutionality of the statute or ordinance under which they have been charged *in the proceedings in which they are prosecuted*. The availability of such a claim or defense may have a preclusive effect in subsequent § 1983[1] litigation, regardless of whether the defendant actually asserted that claim or defense.

For example, if a defendant raised a constitutional claim and received an adverse ruling, that determination might have preclusive effect in subsequent litigation. Even if a defendant did not challenge the constitutionality of the statute or ordinance on which his conviction was based, the fact that he could have raised the issue may have preclusive effect. As the Supreme Court noted in *Heck v. Humphrey*,[2] "[t]he res judicata effect of state-court decisions in § 1983 actions is a matter of state law" and res judicata or other preclusion doctrines may provide an independent basis to bar § 1983 actions like Olivier's.[3]

In the case before us, the City of Brandon asserted as an affirmative defense in the district court that "[t]o the extent applicable, Plaintiff's claims are barred by the doctrines of collateral, equitable, and/or judicial estoppel and/or res judicata."[4] However, the district court dismissed Olivier's claims

---

[1] 42 U.S.C. § 1983.

[2] 512 U.S. 477 (1994).

[3] *Id.* at 480 n.2.

[4] ROA.86.

solely on the basis of the *Heck* bar.[5] Accordingly, neither the City's nor Olivier's briefing in this court considered whether there are preclusive effects of Olivier's conviction, independent of the *Heck* bar, in this § 1983 action.[6]

I agree with JUDGE OLDHAM's dissental regarding the *Heck* bar. It is worth emphasizing, though, that this appeal concerns only prospective injunctive relief. It is clear the *Heck* bar forecloses Olivier's claims for damages. But even his suit for prospective injunctive relief may be foreclosed on grounds not presently before our court.

---

[5] ROA.680-85.

[6] *See* City of Brandon Br. at 13-17 (arguing that Olivier forfeited his prospective relief arguments by not arguing on appeal "that the dismissal of his underlying claims was erroneous" and by not "properly rais[ing] the arguments in the district court"); Olivier Br. at 24-25 (discussing abstention and other "preclusion" doctrines).

James C. Ho, *Circuit Judge*, joined by Elrod, *Chief Judge*, and Smith, Willett, Duncan, and Oldham, *Circuit Judges*, dissenting from denial of rehearing en banc:

Gabriel Olivier is an evangelical Christian who feels called to share the good news with his fellow citizens and neighbors. But a local ordinance forbids him from doing so outside the city's public amphitheater. In fact, he's already been arrested and fined for doing so in the past. So he brought this suit under the First and Fourteenth Amendments to enjoin the city from enforcing the ordinance against him in the future.

Olivier would seem the ideal person to challenge future enforcement of the ordinance. His prior conviction (along with his personal convictions) confirms that he's at risk of future injury under the ordinance. *See, e.g., Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014) ("[P]ast enforcement . . . is good evidence that the threat of enforcement is not 'chimerical.'").[1]

Yet the panel held the opposite. It held that Olivier's prior conviction is the very reason why we must close our courthouse doors to him.

Nothing in the Constitution, federal law, or Supreme Court precedent dictates this curious result. It's due entirely to our own misreading of *Heck v. Humphrey*, 512 U.S. 477 (1994), decades ago in *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc)—as the panel opinion confirmed.

---

[1] Nor does *res judicata* apply here. Olivier pled no contest. And even if he had contested the constitutionality of his charge, Mississippi law has "removed claims based in constitutional principle from the bounds of common law *res judicata*." *Smith v. State*, 149 So.3d 1027, 1032 (Miss. 2014). *See also Bragg v. Carter*, 367 So.2d 165, 167 (Miss. 1978) ("Although the doctrine of res judicata is based upon the public policy of putting an end to litigation, we nevertheless think the doctrine is not inflexible and incapable of yielding to a superior policy . . . . The doctrine of res judicata must yield to the constitution.") (citation omitted).

The panel dutifully noted that "*Clarke* is binding." *Olivier v. City of Brandon*, 2023 WL 5500223, *4 (5th Cir.). "As in *Clarke*, Olivier also seeks to enjoin a state law under which he was convicted." *Id.* "Under *Clarke*, such relief . . . is barred under *Heck*." *Id.*

The good news here is that the problem is one of our own making, so it's one that we can (and should) fix ourselves. As a plurality of our en banc court recently observed, "a suit seeking prospective injunctive relief does not implicate *Heck*'s favorable-termination requirement." *Wilson v. Midland County*, 116 F.4th 384, 398 n.5 (5th Cir. 2024). "Such a suit challenges only the future enforcement of a law and does not result in 'immediate or speedier release into the community' or 'necessarily imply the invalidity' of a prior conviction or sentence." *Id.* (citing *Heck*, 512 U.S. at 481, and *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (noting that the "prisoners' claims for *future* [injunctive] relief . . . are yet more distant from" the core of *Heck*)). "Insofar as our pre-*Wilkinson* cases"—namely, *Clarke*—"said otherwise, the Supreme Court has since clarified the law." *Id.*[2]

*Clarke* not only misreads *Heck*. It also defies common sense. The fact that Olivier was previously convicted under the ordinance should make him not just a permissible but a perfect plaintiff. But instead, *Clarke* uniquely prohibits citizens like Olivier from bringing suit. That gets things entirely backwards. And it sends an odd message to citizens who care about defending their constitutional rights. On the one hand, we tell citizens that

---

[2] At least two of our sister circuits also construe *Heck* not to apply in cases such as this. *See also Martin v. City of Boise*, 920 F.3d 584, 615 (9th Cir. 2019) ("*Heck* . . . serves to ensure the finality and validity of previous convictions, not to insulate future prosecutions from challenge."); *Lawrence v. McCall*, 238 F. App'x 393, 396 (10th Cir. 2007) ("*Heck* does not bar . . . prospective relief"). In *City of Grants Pass v. Johnson*, _ U.S. _ (2024), the Supreme Court abrogated *Martin*'s interpretation of the Eighth Amendment. *Grants Pass* does not undermine *Martin*'s analysis of *Heck*.

No. 22-60566

you can't sue if you're not injured. But on the other hand, we tell them that you can't sue if you *are* injured. Once again, when it comes to suits against the government, the message is: "Heads I win, tails you lose." *Tucker v. Gaddis*, 40 F.4th 289, 293 (5th Cir. 2022) (Ho, J., concurring).

Citizens like Olivier deserve their day in court. *Clarke* turns the law upside down. We should have granted rehearing en banc to overturn it.

I respectfully dissent from the denial of rehearing en banc.

ANDREW S. OLDHAM, *Circuit Judge*, joined by ELROD, *Chief Judge*, and JONES, SMITH, RICHMAN, WILLETT, HO, and DUNCAN, *Circuit Judges*, dissenting from the denial of rehearing en banc:

As we recently said while sitting en banc: "[A] suit seeking prospective injunctive relief does *not* implicate *Heck*'s favorable-termination requirement (or, for that matter, *Preiser*'s habeas-channeling rationale)." *Wilson v. Midland Cnty.*, 116 F.4th 384, 398 n.5 (5th Cir. 2024) (en banc) (emphasis added) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). The panel in this case nevertheless applied the *Heck* bar to a street preacher's claim for injunctive relief. That result is indefensible.

*

Gabriel Olivier is a street preacher in Mississippi. *Olivier v. City of Brandon*, No. 3:21-cv-006360-HTW-LGI, 2022 WL 15047414, at *2 (S.D. Miss. Sept. 23, 2022). He "engages routinely in sidewalk protests on public accessways outside of well-attended events," and he "attempts to engage individuals in conversation or debate on various religious topics." *Ibid.* In 2021, he sought to engage in public protest outside of the Brandon Amphitheater, an outdoor entertainment venue owned by the City of Brandon, Mississippi. *See id.* at *2, *6. The City of Brandon arrested Olivier for violating a local ordinance (the "Ordinance") regulating public demonstrations outside of the Amphitheater. *See id.* at *4–7. He pleaded no contest, and the local court "rendered a sentence of 10 days imprisonment (suspended), and a fine of $304.00." *Id.* at *7. Olivier paid his fine and did not appeal his conviction. *Ibid.*

On October 6, 2021, Olivier filed a § 1983 lawsuit against the City of Brandon and its chief of police. He argued that the Ordinance violated his rights under the First and Fifth Amendments and sought nominal and

compensatory damages arising from his previous arrest for violating the Ordinance. Crucially, Olivier also asked for prospective injunctive relief regarding future enforcement of the Ordinance. *Ibid.* Unfortunately for Olivier, the district court and the panel held that his § 1983 claim for prospective injunctive relief was barred under *Heck*, since he had not achieved a "favorable termination" of his previous conviction.

*

As our en banc court recently explained, *Heck* bars the *retrospective* use of 42 U.S.C. § 1983 to collaterally attack criminal convictions. *See Wilson*, 116 F.4th at 391. Contrariwise, *Heck* permits *prospective*-relief claims that (1) do not implicate the habeas remedy of release from custody, and that (2) do not resemble "tort suits that would undermine criminal proceedings and judgments." *Id.* at 390, 392. *See also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding *Heck* does not bar prospective-relief suit); *Skinner v. Switzer*, 562 U.S. 521, 534 (2011) (same).

*Heck* plainly does nothing to bar Olivier's prospective-relief claim. In relevant part, Olivier seeks a court order "enjoin[ing] named defendants from taking specified unlawful actions"—namely, enforcing a law that abridges his constitutional rights *in the future*. Injunctions do not work backwards to invalidate official actions taken in the past. Rather, they operate to prevent future official enforcement actions upon threat of contempt. *See Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021) ("[F]ederal courts enjoy the power to enjoin individuals tasked with enforcing laws, not the laws themselves.") (citing *California v. Texas*, 141 S. Ct. 2104, 2115–16 (2021)). "All that a court can do is announce its opinion that the statute violates the Constitution, decline to enforce the statute in cases before the court, and instruct executive officers not to initiate enforcement proceedings." Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L.

Rᴇᴠ. 933, 941 (2018). None of that does anything to undermine, collaterally attack, or otherwise impose tort liability on Olivier's previous conviction.

A simple hypothetical reveals why. Suppose that—after Olivier is convicted of violating the Ordinance—one of his fellow protestors brings a § 1983 suit. Let's call this fellow protestor Sam. Sam was with Olivier on May 1, 2021, but Sam was *not* arrested and convicted. Sam brings a § 1983 claim seeking prospective injunctive relief. If the district court were to grant relief and enjoin future enforcement of the Ordinance against Sam, that decision would undermine the legal reasoning of Olivier's previous conviction. But does that mean that Olivier's conviction somehow prohibits Sam from protecting his own constitutional rights? Of course not, because that would mean that *no one* could *ever* challenge a law after any other person had been convicted for violating it. *But see, e.g.*, *303 Creative LLC v. Elenis*, 600 U.S. 570 (2023) (allowing a pre-enforcement challenge to a Colorado law which had been previously enforced against other parties). If Olivier's suit is a collateral attack barred by *Heck*, how is it not a collateral attack when Olivier's friend brings it?

The answer is that neither suit is barred by *Heck*. The grant of a forward-looking injunction—whether to Olivier or to Sam—does not invalidate Olivier's previous conviction. Viewed in this light, it is clear that *Heck* does not bar § 1983 claims for prospective injunctive relief. Indeed, at least one of our sister circuits has expressly rejected this interpretation of *Heck*. *See Martin v. City of Boise*, 920 F.3d 584, 614 (9th Cir. 2019) ("The logical extension of the district court's interpretation is that an individual who does not successfully invalidate a first conviction under an unconstitutional statute will have no opportunity to challenge that statute prospectively so as to avoid arrest and conviction for violating that same statute in the future. Neither *Wilkinson* nor any other case in the *Heck* line supports such a result. Rather, *Wolff*, *Edwards*, and *Wilkinson* compel the opposite conclusion.").

No. 22-60566

\*

The panel's decision is unpublished, so it carries no precedential effect under our rule of orderliness. It also conflicts with *Wilson*. So if there is a saving grace, it is that future panels can do the right thing—notwithstanding today's error. That is hollow solace to Gabriel Olivier, of course. He deserves better. I respectfully dissent.